Sneed, J".,
delivered the opinion of the court:
The complainant, as a creditor of M. S. Temple-, brought this bill to attach and subject to the satisfaction of his debt, a tract of land in the county of Greene, which he charges had been fraudulently conveyed to O. P. Temple, to hinder and delay the creditors of the said M. S. Temple.
The answer of O. P. Temple admits the conveyance, but avers that though absolute on- its face, it was intended as a mortgage to secure and indemnify him and one G. W. Kelson, as the securities 'of the said M. S. Temple, in *507 a considerable indebtedness to R. J. McKinney, and also to secure the said O. P. Temple in a large individual debt ■which the said M. S. Temple owed him. The deed was executed in 1885, and recited a consideration of five thousand dollars, and the bill charges that the said M. S. Temple still holds and occupies the premises thus conveyed.
The answer of M. S. Temple details, substantially, the same state of facts as inducing the conveyance, as given in the answer of his co-defendant.
The complainant thereupon filed an amended bill setting forth the facts discovered by the answer to his original bill, demanding proof of the present indebtedness, and praying for a sale and foreclosure, and that the surplus, after discharging the debts for which said O. P. Temple and G. W. Kelson were bound, and all debts due from M. S. Temple to O. P. Temple, which were laiwful charges on the land, should be applied in satisfaction of the debts due to complainant. To the amended bill, G. W. Kelson is also made a party defendant.
The answer to the amended bill alleges a balance still due on the McKinney debt, of about $3,500, with no other security thau the land, and also about $3,000 of individual debts still due from M. S. Temple to O. P. Temple1, but10. P. Temple answers that all of this individual debt was not contracted at the time of the execution of the deed, but much of it was contracted afterwards. It appears from the answer, that another tract was conveyed in like manner, by M. S. Temple, about the same time, which has since been sold. There was no proof taken in this cause, and the chancellor held that the answers fully met and denied the equities of the bill, and the same was dismissed. The complainant appealed. The deed attacked was executed in 1865. The bill was filed October 20, 1871. It is contended that the deed is fraudulent for unreasonable delay, and that continued possession by the debtor and bargainor may be considered as evidence of fraud. There being *508 ■no proof, and not being advised of the value of the land, or to what extent it may he a security for the debts intended to be secured, we are not prepared to pronounce upon the legal effect of the long indulgence complained of. But the decree of the chancellor was nevertheless erroneous in dismissing the bill without any proof taken in the cause, and especially so, as it is'admitted by the answer that much of the individual indebtedness due to' O. P. Temple was not contracted until after the conveyance.
It will be observed that no debts are named in the deed, either as then existing or thereafter to exist. As to- advances thereafter to be made, or liabilities to be incurred by 0. P. Temple, on account of the bargainor, the deed ■must be held fraudulent in law as to other creditors, whatever may have been its bona tides as matter of fact, there being no stipulation on its face for further advances, but it may be held as a good security to the extent of the McKinney debt, or any sums paid on the same1, and no further. The answers admit the matters charged, but set up others in avoidance.
The complainant is not called on to' prove the matter admitted, but the respondents must establish, by proof, the matters set up in avoidance. Napier v. Elam, 6 Yer., 108; Alexander v. Wallace, 10 Yer., 105. The complainant was entitled to have his equities adjudged upon proof. The chancellor should have ordered a reference to ascertain the exact indebtedness existing at the time the deed was made, excluding all debts due to O. P. Temple, which were contracted after its execution. Eor all due at that time, with interest, O. P. Temple and his co-security, would be entitled to be indemnified out of the land, and the complainant would be entitled to the surplus.
Upon the coming in of the account, the complainant would be entitled to a decree of sale and foreclosure, the proceeds to be applied as hereinbefore indicated. Meigs’ Rep., 317, 328-331; 3 Sneed, 191; 5 Heis., 565.
*509 Let the decree be reversed, and the cause remanded for farther proceedings, according to the principles of this opinion.